UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN VALENZA, III                          CIVIL ACTION

VERSUS                                     NO: 16-2469

WAL-MART STORES, INC.,                     SECTION: "J"(3)
ET AL.

## ORDER & REASONS

Before the Court is Defendants' *Motion for Summary Judgment* **(R. Doc. 17)**, an opposition thereto filed by Plaintiff, John Valenza, III **(R. Doc. 20)**, and Defendants' reply to Plaintiff's Opposition **(R. Doc. 25)**.[1] Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

The facts of this lawsuit are not in dispute.[2] This lawsuit stems from injuries Plaintiff allegedly suffered after he was exposed to bleach. On February 9, 2015, Plaintiff purchased a box

---

[1] Defendants also filed a *Motion in Limine to Exclude Plaintiff's Medical Expert Witnesses* (R. Doc. 16). Defendants then filed a reply brief in which they agreed to permit Plaintiff's medical experts to testify to the information contained in their medical records, but maintained that Plaintiff may not offer any opinion-testimony from non-retained medical experts that is not expressly disclosed in the medical records. (R. Doc. 26-1.) The Court held oral argument on December 7, 2016, and granted Defendants' motion in limine in part. (R. Doc. 28.) Specifically, this Court held that Plaintiff's medical expert witnesses would only be permitted to testify as to the information set forth in their medical records. *Id.* Accordingly, Defendants' *Motion for Summary Judgment* is the only remaining motion before the Court. (R. Doc. 17.)

[2] Plaintiff concedes that "[t]he dynamics of this accident are not in dispute. Plaintiff will not waste the Court's time with a regurgitation of the facts as laid out by Defendants." (R. Doc. 20 at 1.) Accordingly, the Court shall assume that Plaintiff agrees with Defendants' representation of the facts as set forth in Defendants' *Motion for Summary Judgment* (R. Doc. 17-1).

of three bleach bottles from a Sam's Club located in Metairie, Louisiana. Each bottle was approximately one gallon in size. Plaintiff asserts that the box was sealed and in good condition when he purchased it. Plaintiff placed the box of bleach bottles on the floor of the back-seat area of his truck. However, Plaintiff placed the box of bleach bottles on its side, so that the three bleach bottles were lying on their sides and on top of one another. Plaintiff left the bleach in his truck over night, and when he returned to his truck in the morning, he smelled a strong bleach odor. Plaintiff saw that there was liquid in the truck and that the carpet was wet. Plaintiff opened the box of bleach and discovered that the bottle at the bottom of the stack leaked. Plaintiff reported the incident to Sam's Club, and they asked him to come to the store. Plaintiff agreed to come to the store, left the box and bottle as they were, and drove to the store with his windows down. At Sam's Club, an employee took photographs of Plaintiff's truck, the box, and the bottle of bleach. During this interaction, either Plaintiff or the Sam's Club employee moved the box of bleach bottles to the bed of Plaintiff's truck. Plaintiff left Sam's Club with the bleach bottles in the bed of his truck and went to work. Plaintiff left the truck at work and did not drive the truck until the carpet was repaired.

Plaintiff alleges that he suffered injuries from exposure to the fumes from bleach that leaked in his truck. (R. Doc. 1-3.)

Further, Plaintiff alleges Defendants are responsible for the improper packaging of the bleach, which was the sole and proximate cause of Plaintiff's injuries (e.g., emergency room visits and multiple surgeries). *Id.* at 17; *see also* (R. Doc. 20 at 6.) Plaintiff's Opposition to Defendants' motion asserts causes of action under the Louisiana Products Liability Act ("LPLA") for design, construction, and failure to warn defects, Louisiana Revised Statute § 9:2800 and Louisiana Civil Code article 2317 for general negligence and *res ipsa loquitur*, and Louisiana Civil Code article 2520 for redhibition. *Id.*

On March 24, 2016, this case was timely removed to this Court on the basis of diversity jurisdiction. (R. Doc. 1.) On November 23, 2016, Defendants filed the present *Motion for Summary Judgment*. (R. Doc. 17.) Plaintiff filed a timely opposition thereto. (R. Doc. 20.) The Court held oral argument on December 7, 2016. Defendants' *Motion for Summary Judgment* (R. Doc. 17) is the only remaining motion before the Court.

**PARTIES' ARGUMENTS**

## 1. Defendants' Arguments

First, Defendants argue that Plaintiff has not produced any evidence of a defect in the design of the Clorox bleach bottle. (R. Doc. 17-1 at 5.) Specifically, Defendants argue that Plaintiff has not designated any experts or served any expert reports; therefore, Plaintiff cannot present any opinion testimony to

establish a design defect or establish the statutory requirements of a safer alternative design capable of preventing the claimed damage. *Id*. Defendants also argue that there is no evidence that the incident occurred because of a defect in the product's design.

Second, Defendants argue that Plaintiff cannot offer or identify any evidence to show that the bleach bottle that leaked deviated in a material way from the specifications or standards for such bottles. *Id*. at 6. Third, Defendants argue that Plaintiff has not alleged any facts or circumstances that would cause the "Retailer Defendants"[3] to be classified as statutory manufacturers of the bleach bottles. *Id*. at 7. Fourth, to the extent Plaintiff asserts negligence claims against Defendants, other than under the LPLA, Defendants argue that such claims are preempted and that Plaintiff has not produced any evidence of negligent behavior. *Id*. at 8. Further, Defendants argue that Plaintiff's LPLA and negligence claims should be dismissed because he has not produced admissible evidence of damages. *Id*. at 9-11. Defendants also argue that Plaintiff is asserting a claim for damage to his truck, but Plaintiff has not designated any experts to prove the value or cost of the alleged property damage. *Id*. Finally, Defendants argue that Plaintiff's redhibition claim should be dismissed because

---

[3] Wal-Mart Stores, Inc.; Wal-Mart Louisiana, LLC; and Sam's East, Inc.

Plaintiff has neither disclosed nor claimed any economic-loss damages. *Id.* at 9.

### 2. Plaintiff's Arguments

First, Plaintiff argues that his LPLA claim need not be supported by expert testimony. (R. Doc. 20 at 3.) Plaintiff asserts that the facts of this case are clear, "[i]f Clorox had seals on their bleach bottles, this accident likely does not occur." *Id.* Plaintiff asserts that the bleach bottles should contain a seal under the cap, and that this is a safer alternative design. Plaintiff also argues that the bottles should have contained a "this side up" label. Thus, Plaintiff argues that he should not be required to retain an expert to testify "about such simple and reasonable alternatives that Clorox could have implemented to protect the consumer of its products. Clorox should not be allowed to skirt liability in an accident such as this simply because an injured victim does not have sufficient resources to obtain experts to testify as to 'common sense' fixes that could have protected the consumer from harm." *Id.* at 4.

Second, Plaintiff argues that Defendants are liable under *res ipsa loquitur* because Plaintiff did nothing to cause his own injury. *Id.* at 6. Plaintiff asserts that the bleach from the Clorox bleach bottle leaked on its own and caused Plaintiff's injuries. *Id.* Plaintiff argues that there is no other potential cause of

this incident except for Clorox's actions, or lack thereof. *Id.* at 7.

Third, Plaintiff argues that his property damages were reported and produced by an expert. *Id.* at 7. Plaintiff argues that he removed the carpet from the truck himself, but that Causeway Custom Collision provided an estimate to repair Plaintiff's carpet. Accordingly, Plaintiff argues that he has produced sufficient property damage evidence. *Id.* Finally, as to medical causation of Plaintiff's injuries, Plaintiff asserts that he is entitled to a *Housley* presumption because he was in good health prior to the accident, his symptoms occurred after the accident, and there is a reasonable possibility of a causal connection between the accident and the disabling condition. *Id.* at 9. Further, Plaintiff reiterates the arguments presented in his *Opposition to Defendants' Motion to Exclude Plaintiff's Medical Experts* (R. Doc. 18) to why he has presented sufficient evidence of medical damages and why Plaintiff's experts should be permitted to testify should this case proceed to trial. *Id.* at 8-10.

**3. Defendants' Reply**

In response to Plaintiff's Opposition, Defendants argue that Plaintiff has abandoned multiple claims. (R. Doc. 25.) Specifically, Defendants argue that Plaintiff's Opposition does not address Plaintiff's LPLA claims against the Retailer

Defendants,[4] redhibition claim, and general negligence claim. *Id.* at 1. Accordingly, Defendants argue that these claims are abandoned, which leaves only Plaintiff's LPLA claims against the Clorox Defendants.[5] *Id.* at 2.

As to Plaintiff's design defect claim, Defendants again argue that Plaintiff has offered no evidence to support his assertion that adding a small white seal, like those said to be found on milk cartons, would have prevented this accident from occurring. *Id.* Further, Defendants argue that there is no evidence that such seals are intended to prevent leaks. Rather, Defendants assert that the seals may be intended to prevent contamination or alteration before purchase. In all, Defendants argue that Plaintiff has not put forth any evidence, rather than his own statement, that his proposed packaging change could be feasibly implemented without having any adverse implications.

As to Plaintiff's construction or composition defect claim. Defendants again argue that Plaintiff has not even attempted to offer evidence that the bleach bottle in question deviated in any material way from the specification or standards for such bottles. Rather, Plaintiff focuses on the design of the bottle. Accordingly, Plaintiff's construction or composition defect claim should be dismissed.

---

[4] *See supra* note 3.
[5] Clorox Company; Clorox International Company; Clorox Manufacturing Company; Clorox Sales Company; Clorox Services Company.

Defendants assert that Plaintiff's Opposition attempts to advance a product warning claim under the LPLA, but that he failed to raise a failure to warn claim in his Complaint. *Id.* at 3. Thus, Defendants argue that Plaintiff's failure to warn claim fails for two reasons. First, Plaintiff did not plead a failure to warn claim. Second, even assuming Plaintiff properly raised a failure to warn claim, Plaintiff's argument that there are no warnings on the bottles as to the proper storage is "demonstrably false." *Id.* at 4. Defendants argue that the box of bleach bottles has two warning labels.

Similarly, Defendants argue that Plaintiff did not plead *res ipsa loquitur* and that this claim should be dismissed. *Id.* at 5. However, even if Plaintiff pleaded *res ipsa loquitur*, Defendants argue that the circumstances surrounding this incident indicate that the bleach bottle leaked because of Plaintiff's actions, not Defendants' negligence. Finally, Defendants again argue that Plaintiff has failed to put forth competent evidence of damages for his property and medical damages. *Id.* at 7-10. Defendants argue that Plaintiff's evidence of property damage is hearsay, which is inadmissible at trial and for summary judgment purposes. As to Plaintiff's medical damages, and medical causation, Defendants argue that Plaintiff has not produced any Rule 26 reports nor offered any evidence of medical causation. Moreover, Defendants argue that Plaintiff is not entitled to a *Housley* presumption

because he has not demonstrated any of the requisite elements one must for such presumption.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l*

*Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See*, *e.g.*, *id.* at 325; *Little*, 37 F.3d at 1075.

**<u>DISCUSSION</u>**

Foremost, Plaintiff has abandoned several of the claims raised in his Complaint by failing to address them in response to Defendants' motion for summary judgment. Specifically, Plaintiff's Opposition to Defendants' motion for summary judgment did not address his redhibition claim, negligence claim, nor his LPLA claim

against the Retailer Defendants.[6] Accordingly, these claims are dismissed and Plaintiff's only remaining claims are under the LPLA against the Clorox Defendants.[7] *Venezia v. ConcoPhillips Co.*, No. 12-2168, 2014 WL 107962, at *13 (E.D. La. Jan. 8, 2014) (citing *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001) ("Failure to address a claim in response to a defendant's summary judgment motion constitutes abandonment of the claim.").

Second, Plaintiff's Opposition to Defendants' motion for summary judgment raised a failure to warn claim under the LPLA. (R. Doc. 20 at 4.) Defendants argue that this claim must be dismissed because this argument goes beyond the scope of Plaintiff's complaint, and the box of bleach bottles includes warning labels. (R. Doc. 25 at 3-4.) Plaintiff's Complaint states that his injuries were "caused by negligence in design, construction, assembly or packaging of the bleach. . . ." (R. Doc. 17-6 at 3.) Further, Plaintiff's Complaint states that the Defendants "are responsible for the improper packaging of the bleach, which was the sole and proximate cause of plaintiff's injuries." *Id.* Accordingly, the Court finds that Plaintiff has failed to plead a failure to warn claim under the LPLA and this

---

[6] Under the LPLA, recovery is not available against a manufacturer if the manufacturer did not produce the offending product. *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 260-61 (5th Cir. 2002) (explaining that an element of an LPLA claim is "that the defendant is a manufacturer of the product").
[7] *See supra* note 5.

"claim" is dismissed. *See Jolliff v. United States*, No. 11-1150, 2012 WL 2449952, at *6 (E.D. La. June 27, 2012).

Nevertheless, even if Plaintiff's complaint sufficiently pleaded a failure to warn claim, this claim must still be dismissed. "To successfully maintain a failure to warn claim under the LPLA, a plaintiff must demonstrate that the product in question has a potentially damage-causing characteristic and that the manufacturer failed to use reasonable care to provide an adequate warning about this characteristic." *Stahl v. Navartis Pharma. Corp.*, 283 F.3d 254, 264 (5th Cir. 2002). To satisfy the first prong of this test, Plaintiff must allege facts as to the "cause, frequency, or consequences" of the dangerous characteristic at issue. *Id.* However, "mere allegation[s] of inadequacy" are insufficient for a plaintiff to survive summary judgment on a failure to warn claim. *Id.* Plaintiff argues that "Clorox does not have a warning on its box that states, 'this side up' or 'do not place on side.'" (R. Doc. 20 at 4.) However, the bleach box in this case contains a "Storage and Disposal Warning" which reads "store this product upright." (R. Doc. 25-1 at 2.) Additionally, the front of the box has an arrow which reads "UP" to demonstrate the proper storage method for the box. *Id.* at 4, 5. Accordingly, Plaintiff's failure to warn claim must be dismissed because he has produced nothing more than mere allegations that these warnings are inadequate, let alone prove that these warnings are inadequate.

12

*See Guidroz v. Crown Equip. Corp.*, No. 09-1204, 2011 WL 6171134, at *2 (W.D. La. July 11, 2011) (citing *Stahl*, 283 F.3d at 264-65) (holding that "[p]laintiff's legal memorandum, with the subject warnings attached as exhibits to Defendant's Motion, [did] not create a genuine dispute of material fact as to the sufficiency of the subject warnings").

Similarly, Plaintiff did not plead *res ipsa loquitur* in his Complaint. *See* (R. Doc. 1-3 at 7-11, 13.) Accordingly, Plaintiff's *res ipsa loquitur* claim should be dismissed on this ground alone. *See Jolliff*, 2012 WL 2449952, at *6. However, even if Plaintiff's Complaint sufficiently pleaded *res ipsa loquitur*, Plaintiff has not excluded the inference of his own responsibility as the cause of this accident. Plaintiff admits that he placed the box of bleach bottles on its side with the bottles stacked on top of each other. It is uncontroverted that this is not the proper storage method for the bleach bottles. The pictures submitted by Defendants reveal that the box contains a warning that the box should be stored "upright" and without the bottles stacked on top of each other, and that the box contains an "UP" arrow demonstrating the proper storage method. Because there are several reasonable hypotheses as to what caused the bleach to leak, Plaintiff may not rely on the doctrine of *res ipsa loquitur*, and this "claim" must be dismissed. *See Ayala v. Enerco Grp., Inc.*, 569 F. App'x 241, 250 (5th Cir. 2014) (explaining that a plaintiff must "sufficiently exclude

13

inference of the plaintiff's own responsibility or the responsibility of others besides [the] defendant in causing the accident").

Plaintiff's only remaining claims are for construction and design defect under the LPLA against the Clorox Defendants. The Court shall address each in turn.

**1. Construction Defect**

A product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer. *Reynolds v. Bordelon*, 2014-2371, (La. 6/30/15); 172 So. 3d 607 (La. 2015). To prove this theory, Plaintiff must demonstrate (1) what the Clorox Defendants' specifications or performance standards were for the Clorox bleach bottle, and (2) how the Clorox bottle that leaked materially deviated from these standards so as to render it unreasonably dangerous. *Id.* at 613.

Plaintiff has produced no evidence of the correct specifications or standards for Clorox bleach bottles. Further, Plaintiff has produced no evidence that the bleach bottle at issue deviated in a material way from the manufacturer's specifications or performance standards for such bottles or from otherwise

14

identical products manufactured by the Clorox Defendants. Accordingly, Plaintiff's construction defect claim is dismissed.

**2. Design Defect**

A product is unreasonably dangerous in design if, and only if, at the time the product left its manufacturer's control:

> (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and
> (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.

*Reynolds*, 172 So. 3d at 614 (citing La. Rev. Stat. § 9:2800.56). Accordingly, Plaintiff is first required to show an alternative design for the Clorox bleach bottle existed at the time it left the manufacturer's control. *See id.* The LPLA requires all elements to be proven. *Id.* If a plaintiff fails to propose another design for the product or develop an alternative design, it is unnecessary to address the remaining elements of this theory. *Id.* "Without expert or technical evidence to support the contention that the design was defective or to establish an alternative design" the plaintiff cannot create an issue of fact to be left to a jury. *Brown v. Home Depot USA, Inc.*, No. 14-545, 2016 WL 1583646, at *3 n.32 (M.D. La. Apr. 19, 2016) (citing *McCarthy v. Danek Med., Inc.*, 65 F. Supp. 2d 410, 412 (E.D. La. 1999)).

15

Plaintiff contends that Clorox bleach bottles are not fitted with "the small white seal that is found on so many other substances, i.e., milk. . . . If Clorox had seals on their bleach bottles, this accident likely does not occur." (R. Doc. 20 at 3.) However, Plaintiff has provided no expert or technical evidence to support his contention that the design of the bleach bottle was defective. Accordingly, Plaintiff cannot support his design defect claim by merely arguing that the bottle was defective. *See Brown*, 2016 WL 1583646, at *3 n.32 (granting defendant's motion for summary judgment where plaintiff did not identify any experts who would offer their expert or technical opinions to support his design defect claim or to establish that an alternative design existed that would have prevented plaintiff's injuries). Further, even if the Court were to assume the existence of an alternative design, Plaintiff has not argued nor produced any evidence regarding the burden of adopting such an alternative design and any adverse effect that such design may have on the utility of Clorox bleach bottles. *See* (R. Doc. 20.) Accordingly, Plaintiff cannot prove that the subject Clorox bleach bottle was unreasonably dangerous in design. *See Brown*, 2016 WL 1583646, at *3 n.32.

## CONCLUSION

Accordingly,

    **IT IS HEREBY ORDERED** that Defendants' *Motion for Summary Judgment* is **GRANTED**. All of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

    New Orleans, Louisiana this 22nd day of December, 2016.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE